**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

CRISTINA MILLER,
            Appellant,

       v.

DEPARTMENT OF DEFENSE,
            Agency.

DOCKET NUMBER
DC-3443-16-0787-I-1

DATE: April 5, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Cristina Miller, APO, AE, pro se.

Saegleo Santiago, APO, AE, for the agency.

William Blackston, Fort Lee, Virginia, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member[2]

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her appeal for lack of jurisdiction. Generally, we grant petitions such

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[2] Member Leavitt's name is included in decisions on which the three-member Board completed the voting process prior to his March 1, 2023 departure.

as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2        The appellant, a GS-12 Industrial Engineer, filed an appeal in which she alleged that she had interviewed for the position of Interdisciplinary Aerospace Engineer, but was not selected, and that she subsequently learned that there were various hiring irregularities in the selection process. Initial Appeal File (IAF), Tab 1 at 5. Specifically, she alleged that the selecting official wished to select a personal friend, and that the announcement was initially canceled because the friend had not applied and needed more time to improve his qualifications so that he could be selected, which he was. *Id.*

¶3        In acknowledging the appeal, the administrative judge explained that nonselections generally are not appealable to the Board, except when the appellant alleges that an employment practice applied by the Office of Personnel Management (OPM) violated a basic requirement of 5 C.F.R. § 300.103, he has received a negative suitability determination from the agency or OPM, or the agency's decision was made in retaliation for whistleblowing disclosures or certain protected activities, the product of discrimination based on uniformed service, or a violation of the candidate's veterans' preference. IAF, Tab 2. The

administrative judge ordered the appellant to file evidence and argument that the action she sought to appeal was within the Board's jurisdiction. *Id.* The appellant did not respond. The agency moved that the appeal be dismissed for lack of jurisdiction.[3] IAF, Tab 5 at 9-10, Tab 6 at 10-11.

¶4 In an initial decision based on the written record, the administrative judge dismissed the appeal for lack of jurisdiction.[4] IAF, Tab 7, Initial Decision (ID) at 2, 5. He found that the appellant did not assert that she was subjected to an action over which the Board has jurisdiction, and that she had not raised any other matters that would bring her appeal within the Board's jurisdiction. ID at 3-5.

¶5 The appellant has filed a petition for review, Petition for Review (PFR) File, Tab 1, to which the agency has responded in opposition, PFR File, Tab 4, and the appellant has filed a reply. PFR File, Tab 5.

¶6 On review, the appellant states that she did not, in her appeal, challenge her nonselection, but rather the agency's abuse of the hiring process based on the selecting official's desire to hire a personal friend. PFR File, Tab 1 at 4. Based on the appellant's narrative within her appeal, IAF, Tab 1 at 5, and all that she submitted below, we find that the administrative judge reasonably construed that the appellant was raising a claim of nonselection, and properly set out the limited circumstances over which the Board may have jurisdiction over such a claim. *Burroughs v. Department of the Army*, 116 M.S.P.R. 292, ¶ 15 (2011) (reviewing a claim that an employment practice applied to the appellant by OPM violated a basic requirement of 5 C.F.R. § 300.103); *Alvarez v. Department of Homeland Security*, 112 M.S.P.R. 434, ¶ 7 (2009) (reviewing a claim that the appellant has received a negative suitability determination from the agency or OPM); *Becker v. Department of Veterans Affairs*, 107 M.S.P.R. 327, ¶ 15 (2007) (analyzing a claim that the agency's decision was in retaliation for whistleblowing disclosures

---

[3] The agency also moved that the appeal be dismissed as untimely. IAF, Tab 6 at 11-12.

[4] Based on this disposition, the administrative judge did not address the timeliness of the appeal. ID at 1 n.1.

or certain protected activities, the product of discrimination based on uniformed service, or a violation of the candidate's veterans' preference rights).  As noted, the appellant failed to respond to the administrative judge's jurisdictional order.

¶7    The appellant has not established the Board's jurisdiction over her claim that the agency abused the hiring process.  Notwithstanding her failure to reply to the administrative judge's jurisdictional order, we have considered whether her claim could loosely be considered as one of an employment practice.  She has not alleged, however, nor does it appear, that OPM had any involvement in the selection action at issue.  Further, although the appellant alleges that the selecting official considered nonmerit factors in making his selection, such a claim, standing alone, does not provide the Board with jurisdiction over this matter. *Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980) (explaining that prohibited personnel practices under 5 U.S.C. § 2302(b) are not an independent source of Board jurisdiction), *aff'd*, 681 F.2d 867, 871-73 (D.C. Cir. 1982).

¶8    In sum, we find that the appellant has not shown error in the administrative judge's dismissal of this appeal for lack of jurisdiction.[5]

---

[5] With her petition, the appellant has submitted, presumably as new evidence, Reference A, which purports to be a copy of her September 21, 2016 answers to the agency's interrogatories.  PFR File, Tab 1 at 6-19.  The record below closed on September 3, 2016.  IAF, Tab 2 at 6.  The appellant asserts that she did not receive the agency's interrogatories until September 8, 2016.  PFR File, Tab 5 at 5.  Even if the appellant's answers could be considered as new evidence, such evidence is not material because it does not bear on the dipositive jurisdictional issue of this appeal.  *Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (finding that the Board generally will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision).  The appellant has also filed a Motion for Agency's Response to Interrogatories.  PFR File, Tab 3.  She claims that the agency failed to respond to the interrogatories she propounded during the proceeding below, *id.* at 4, a claim the agency disputes.  PFR File, Tab 4 at 9 n.2.  Even if we credit the appellant's assertion in this regard, she acknowledges that she did not initiate discovery until September 21, 2016, *id.*, well after September 8, 2016, the date by which the administrative judge indicated that discovery must be initiated.  IAF, Tab 2 at 7.  Therefore, we deny the appellant's motion.

## NOTICE OF APPEAL RIGHTS[6]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and

to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

/s/ for

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.